25 C.C.P.A. (Patents)

## In re MONSON.
### Patent Appeal No. 3991.

Court of Customs and Patent Appeals.

June 6, 1938.

180

Wells L. Church and Mason & Mason, of Washington, D. C. (John M. Mason, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Claims 1, 5, 9, 13, 19 and 20 of appellant's application for a patent process for cleaning drilled oil wells were rejected by the Primary Examiner of the United States Patent Office, and upon appeal to the Board of Appeals his rejection was affirmed except as to claims 5, 13, 19 and 20 which were allowed. Appellant has appealed here from the decision of the board as to claims 1 and 9.

Claim 1 is illustrative and reads: "1. A process for the removal of mud sheaths from wells, which consists in the application thereto of a reagent consisting of a relatively stable aqueous dispersion, in which the disperse phase is a water-insoluble organic liquid capable of acting as an oil solvent, and the continuous aqueous phase contains an organic detergent-like material.".

The references relied upon by the examiner are: Wolever, 1,476,747, December 11, 1923; Campbell, 1,513,371, October 28, 1924; Carpmael (British), 327,968, of 1930.

Appellant's invention is a process of cleaning drilled wells. In drilling wells, more particularly in drilling with a rotary drill, a clay-water suspension is circulated in the bore hole. Aside from the mud being used as a carrier of drilled particles, one of the functions of the mud is to "plaster up" the walls of the bore hole so as to form an adhering sheath on the walls and thereby support the same. When the oil is reached, the mud and oil form a sticky mass. In order to get full production, this sheath of mud and oil must be removed from the face of the producing sand.

Appellant's process is to prepare an emulsion or a dispersion of a water insoluble oil solvent, in water, and to make the emulsion stable he adds a water soluble emulsifying agent. Among such agents is any sulphonated organic material, such as soap. The emulsion is introduced into the well and agitated. It penetrates the sheath, and the solids are suspended in the detergent agent which suspension may be removed from the well.

Both appealed claims call for the use of a composition of matter which is an emulsion composed of a water insoluble liquid which is an oil solvent, in water, and which has an organic detergent material acting to stabilize the emulsion. The emulsion is introduced into a well with agitation and is taken from the well with the material to be removed.

The claims were rejected by the examiner as failing to define any invention over Campbell in view of Wolever and Carpmael. Carpmael was cited with reference to the claims which the board allowed and needs no consideration here.

The board agreed with the examiner in his rejection of claims 1 and 9, pointing out that these claims do not substantially distinguish from the Campbell patent. The board said: "Claims 1 and 9 which are more broadly drawn, we do not consider substantially distinguish from the Campbell patent. Obviously Campbell in describing the cleaning of the clogged pores of producing sand, refers to circulation of a cleaning fluid through the well. The cleaning fluid is so broadly defined in these claims we are not satisfied they clearly and patentably distinguish over the art."

The board pointed out that the Wolever patent is cited simply to show that agitation of a cleaning fluid has been suggested by the art.

Claim 1 of the Campbell patent reads: "1. In a process for removing deposits from pipe lines used for conveying crude oil, the step of passing through the lines a composition consisting of soda ash, sal soda, sodium bicarbonate and naphtha dissolved in water."

Referring to the composition, Campbell stated: " * * * and when run through the tubings and casings it will cleanse same as well as open the clogged pores of the

producing sand, thereby increasing production."

Appellant in a request for reconsideration before the board stressed the fact that Campbell was chiefly concerned with cleaning pipe lines. Upon reconsideration the board said:

"It is urged that Campbell's cleaner was for a different purpose and while we, in our decision, referred to the fact that Campbell only incidentally described the cleansing of the clogged pores of the producing sand, yet we rejected claims 1 and 9, the broad claims in the case which call for removal of mud sheaths from wells. These claims recite a relatively stable aqueous dispersion, in which the disperse phase is a water-insoluble organic liquid capable of acting as an oil solvent and containing an organic detergent-like material. It is apparent from appellant's brief that he intends to cover such low priced materials as common soap. He is urging, therefore, that inasmuch as common soap is not referred to in the prior art for the removal of mud sheaths from wells, he is entitled to a patent for such use.

"It is our view that the cleaning fluid employed by Campbell would probably be more effective than common soap in acting on oily matter and inasmuch as soap is so commonly employed as a cleaner, we are unwilling to concede that it is more than an equivalent of the cleaner described by Campbell. Having tried materials as disclosed by Campbell, it might be suggested to try other common cleaning materials. It may be conceded that some of the constituents of the Campbell cleaner are not organic liquids water-insoluble, although that does not apply to naphtha. The claim in calling for a relatively stable aqueous dispersion is not definitely distinguishing from the cleaning compound of Campbell which might be stable for a time. * * "

We have given careful consideration to all the arguments of appellant's counsel and are not convinced that the board was in error in rejecting said claims 1 and 9 for the reasons stated. It seems to us that the principal argument of counsel for appellant is to the effect that the Campbell patent is not properly prior art and should not be regarded as prior art in the cleaning of oil wells. We agree with the board that appellant has suggested nothing inventive over what Campbell taught and that the patent to Campbell is analogous art. Surely it would not be inventive, in view of Campbell's use of soda and the other materials he mentions, to try the common expedient of removing oil or an oily substance with common soap.

The decision of the Board of Appeals is affirmed.

Affirmed.